## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DESIREE RIDEAUX | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | No.  12- CV - 02592 |
| | ) | |
| | ) | Hon Robert W. Gettleman |
| TRAVELERS INSURANCE COMPANY | ) | |
| Aka "THE STANDARD FIRE | ) | |
| INSURANCE COMPANY, | ) | |
| AMERICAN HOME MORTGAGE | ) | |
| SERVICING, CITI RESIDENTIAL | ) | |
| LENDING INC., AND REAL TIME | ) | |
| RESOLUTIONS INC. | ) | |
| | ) | |
| DEFENDANTS | ) | |

## THIRD AMENDED COMPLAINT

NOW COMES the PLAINTIFF, DESIREE RIDEAUX, by and through her attorneys, Law Offices of Jason Harris, and complaining of the DEFENDANT, THE STANDARD FIRE INSURANCE COMPANY AKA TRAVELERS INSURANCE COMPANY, HEREINAFTER REFERRED TO AS "TRAVELERS", CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING COMPANY AKA HOMEWARD RESIDENTIAL, HEREINAFTER REFERRED TO AS AHMSI AND REAL TIME RESOLUTIONS INC. states and alleges as follows:

## THE PARTIES AND PROPERTY

1. DESIREE RIDEAUX, PLAINTIFF, is an individual residing in Illinois and is a citizen of

   the State of Illinois.

2. Defendant THE STANDARD FIRE INSURANCE COMPANY aka "TRAVELERS" hereinafter referred to as "TRAVELERS" was and is a Connecticut corporation with its principal place of business in the State of Connecticut and was and is conducting business within the State of Illinois subject to its statutes, regulation and laws.

3. Defendant, AMERICAN HOME MORTGAGE SERVICING COMPANY, hereinafter referred to at times as "AHMSI" was and is a Delaware corporation with its principal place of business in the State of Texas and was and is conducting business within the State of Illinois subject to its statutes, regulation and laws.

4. Defendant, REAL TIME RESOLUTIONS INC., hereinafter referred to at times as "REAL TIME" was and is a Texas Corporation with its principal place of business in the State of Texas and was and is conducting business within the State of Illinois subject to its statutes, regulation and laws.

5. At all times material herein, Defendant, CITI RESIDENTIAL LENDING, INC. Hereinafter referred to at times as "CITI" was and is a Delaware Corporation with its principal place of business in the State of New York, the State of Florida or the State of Missouri and was and is conducting business within the State of Illinois subject to its statutes, regulation and laws.

2

6. At all times material herein, there was in force a contract for insurance between TRAVELERS and PLAINTIFF, for the property located at 1646 THORN STREET, CHICAGO ILLINOIS and the personal property located therein. Policy number 932663674 663 1.

## NATURE OF THE CAUSES OF ACTION

7. The causes of action pleaded by the Plaintiff in this complaint arise from:

A. Disputes involving an insurance policy (Defendant "Travelers") and claims made under that policy after a fire destroyed Plaintiff's real property on or about 1-4-2009, and,

B. Disputes involving the actions of the "Servicers" of Plaintiff's Mortgage and Note, Defendants "CITI", "AHMSI" and "REAL TIME".

Fire destroyed Plaintiffs real property. After the fire, Plaintiffs insurance claims were wrongfully withheld by the insurance carrier. The insurance company refused to pay the Plaintiff's claims based on portions of the policy which were / are contrary to Illinois law and void. This policy was not only issued to the Plaintiff but persons of the public at large.

Thereafter, claims were made by the Servicers of the Plaintiff's note and mortgage to recover these insurance monies. These Servicers wrongfully took possession of the insurance monies, did not account to the plaintiff, failed to advise the Plaintiff and failed to correctly apply the monies to the account of the Plaintiff. These Servicers destroyed Plaintiff "credit" by reporting to credit reporting agencies that Plaintiff was in

default and/or a balance remained on the account of the plaintiff even though these insurance monies allegedly paid the balance due on the note and mortgage. These "Servicers" failed to answer the demands for an accounting by the Plaintiff and failed to provide clear title and "paid in full" on the note. Plaintiff seeks damages against, Defendant "TRAVELERS" based upon breach of contract, fraud, consumer fraud, and violation of Illinois insurance code, 215 ILCS 5/155. Plaintiff further seeks "class action" against, Defendant "Travelers". Plaintiff seeks damages against Defendants "CITI", "AHMSI" and "REAL TIME" based upon violations of Respa, Negligence, Breach of Contract and Conversion.

## STATEMENT OF JURISDICTION AND VENUE

8.  This Law suit was originally filed in State Court by Plaintiff - Case # 11 CH 42522 and later removed to this court by Defendant "TRAVELERS" pursuant to 28 U.S.C. § 1332, 1441(a) and 1446.

## FACTUAL ALLEGATIONS GENERALLY AS TO TRAVELERS

9.  PLAINTIFF owned real property at 1646 THORN STREET, Chicago Illinois.

10. During time periods material hereto, the note and mortgage on the PLAINTIFF'S property was serviced by three entities which are made DEFENDANTS herein.

11. Defendant, "CITI" Serviced the note and mortgage on the property of the PLAINTIFF.

12. Defendant, "AHMSI" also serviced the note and mortgage on the property of the PLAINTIFF.

13. Defendant "REAL TIME" also serviced the note and mortgage on the property of the PLAINTIFF.

14. Defendant, "TRAVELERS" insured the property and had issued a policy of insurance to cover losses and damages resulting from fire.

15. On 1/4/2009 PLAINTIFF'S property at 1646 Thorn Street Chicago was damages by a fire.

16. PLAINTIFF did not intentionally cause the fire.

17. PLAINTIFF reported the claim to Defendant TRAVELERS and TRAVELERS provided a claim number of UHA 6796.

18. Defendant, TRAVELERS assigned the matter to an adjuster.

19. PLAINTIFF is not in possession of a certified copy of the policy but has demanded such from Defendant TRAVELERS but such has not been provided.

20. PLAINTIFF reported the fire and loss to TRAVELERS in a timely manner and in all ways complied with the provisions of the contract of insurance which provided coverage for damages resulting from fire.

21. PLAINTIFF performed all obligations and responsibilities required under the terms of the policy and provided information that the property.

22. PLAINTIFF has demanded payment under the terms of the policy of insurance for the damages.

23. TRAVELERS withheld payment to the PLAINTIFF for the claims for loss or rent, personal property and building damages.

24. The policy of insurance issued to the PLAINTIFF by Defendant TRAVELERS contains provisions which violate the Laws of The State of Illinois.

25. Defendant, TRAVELERS issued to the public and PLAINTIFF policy of insurance (663 9/99 HOMESAVER) which it knew or should have known certain portions of such violated the Laws of the State of Illinois.

26. Pursuant to section 397 of the Illinois insurance code 215 ILCS 5/397 the director of insurance has promulgated regulations that create a uniform policy for all fire insurance contracts.

27. The "Standard Fire Policy" (which is commonly known in the industry and not to be confused with policies written by the insurance company - "the Standard Fire Insurance

Company) provides the minimal coverage which must be afforded by insurance companies issuing policies in Illinois.

28. All policies written in the State of Illinois must conform to the requirements of the "Standard Fire Policy". 50 Ill.Adm.Code 2301.100

29. Defendant, "TRAVELERS" may not issue insurance policies which provide less coverage than that set forth in the Standard Fire Policy. (Not to be confused with "the Standard Fire Insurance Company" policies).

30. The Standard Fire Policy (not to be confused with "standard fire company) provided(s) an exclusion setting forth no coverage if the dwelling has been vacant for <u>more than 60 consecutive days</u>.

31. The POLICY OF INSURANCE (663 9/99 HOMESAVER) issued by the Defendant TRAVELERS wrongfully contained(s) the "EXCLUSION CLAUSE" …

"if the dwelling has been vacant for more <u>than 30 consecutive days</u> immediately before the loss. A dwelling being constructed is not considered vacant."

32. Defendant TRAVELERS knew that the aforementioned "EXCLUSION PROVISION" wrongfully and impermissibly narrowed and narrows the coverage provided in the

7

"Standard Fire Policy" by shortening the allowable vacancy or unoccupancy period to 30 days instead of 60 days as provided in the Standard Policy.

33. Defendant, "TRAVELERS" knowingly invoked and relied on this "EXCLUSION CLAUSE" and withheld payment to the PLAINTIFF.

34. TRAVELERS, having knowledge that its policy provided for exclusions which were in violation of the law continued to issue such, failed to advise "PLAINTIFF" and other insureds (including other policy holders who were issued the same policy) of the violation and correct such.

35. TRAVELERS during, at least the year 2009, denied one or more fire claims based upon the exclusion clause of "30 days".

36. TRAVELERS during, at least the year 2009, denied one or more fire claims based upon the property being vacant for less than 60 days.

37. TRAVELERS issued a Policy of Insurance which contained a contractual condition and obligation on the insured to maintain their insured property so that it was not vacant or unoccupied for more than 30 days rather than more than 60 days.

38. TRAVELERS has wrongfully profited from this wrongful "exclusionary clause" in violation of the law by denying or delaying payments to its insureds, specifically but not limited to the PLAINTIFF and unknown others.

## FACTUAL ALLEGATIONS GENERALLY AS TO DEFENDANTS "CITI", "AHMSI" AND 'REAL TIME"

39. Defendant AHMSI Serviced the Plaintiff's note and / or mortgage.

40. Defendant CITI Serviced the Plaintiff's note and / or mortgage.

41. Defendant REAL TIME Serviced the Plaintiff's note and / or mortgage.

42. On 1-9-2009 CITI stated that the balance on the note / mortgage was $91,925.65

43. On 5-17-2009 AHMSI stated principal balance was $90,433.94 and late charges of 316.80

44. On 7-21-10 REAL TIME stated the balance of the loan was $90,433.94

45. On or about or prior to 9-16-2010, while servicing the loan, Defendant AHMSI, and/or

    CITI, and/or REAL TIME individually or jointly, directly or through an authorized agent

    did:

      a.      make demands for monies upon TRAVELERS to pay the insurance

settlement monies directly to them.

      b.      did employee "Dimont & Associates"

      c.      did calculate the amount due and owing on the loan and provided that to

TRAVELERS demanding payment in the amount of $89,235.39

      d.      claimed the insurance monies under the "Mortgagee" clause in the "Policy

of insurance'

      e.      accepted payment from the insurance company making a claim for such in

order to satisfy the existing payoff and balance due on loan. .

      f.      demanded upon "TRAVELERS" payment under the policy of insurance in

order to satisfy the "DEBT" on the mortgage and note of PLAINTIFF.

      h.      submitted a proof of loss to TRAVELERS claiming monies under the

insurance policy.

      i.      did not advise the Plaintiff of its actions to obtain the insurance monies.

      j.      did intentionally withhold information from the PLAINTIFF.

      k.      failed to properly, estimates, evaluates, adjust, and settle the insurance

            claims and was otherwise negligent.

46. The insurance policy does not allow for payment to be made solely to a Mortgagee.

47. The insurance policy states "if a mortgagee is named in this policy, any loss payable under Coverage A or B will be paid to the mortgagee <u>and you</u>, as your interests appear.

48. On 9-16-2010 TRAVELERS issued payment to Defendant "CITI RESIDENTIAL LENDING INC. in the demanded amount of $89,235.39.  Attached hereto is a copy of the payment made as exhibit A.

49. A copy of this payment was never tendered to the PLAINTIFF prior to suit being filed.

50. After suit was filed, TRAVELERS provided a copy of the insurance payment.

51. Dimont & Associates did deposit said monies on behalf of Defendant AHMSI, and/or CITI, and/or REAL TIME individually or jointly.

52. Defendant AHMSI, and/or CITI, and/or REAL TIME individually or jointly, after receiving payment of said insurance monies, (i.e. $89,235.39) reported inaccurate statements of balances due on the loan to credit reporting agencies.

53. Defendant AHMSI, and/or CITI, and/or REAL TIME individually or jointly, after receiving payment of said insurance monies, failed to credit the loan balance to reflect the monies received.

11

54. Plaintiff, as borrower has made upon the Defendants AHMSI, and/or CITI, and/or REAL TIME a "qualified written request" as required by 12 USC 2605(e) for, but not limited to an accounting of her account, disclosure of insurance monies requested and/or received, and how they were applied.

55. From 9-16-2010 through and including 10-25-12 Defendants AHMSI, and REAL TIME, notwithstanding said requests, have failed to account and/or comply with Plaintiffs "qualified written request".

56. Prior to filing suit, Defendant, CITI failed to account and/or comply with Plaintiffs "qualified written request".

57. Since the time suit was filed and through 10-1-12 Plaintiff made demands that AHMSI, and REAL TIME to correct misstatements made which affected negatively on Plaintiff's credit report.

58. PLAINTIFF previously advised Defendants AHMSI, and/or CITI, and/or REAL TIME that the statements made on her credit report were causing her damages and demanded that such be corrected to avoid additional damages.

## COUNT I
## BREACH OF CONTRACT
## <u>DEFENDANT TRAVELERS</u>

1-58.   PLAINTIFF repeats and re-alleges Paragraphs 1 through 58 as though fully set forth as

Paragraphs 1 through 58 of this Count I.


59. Defendant TRAVELERS has breached the contract of insurance since it failed and refused,

and continues to refuse to compensate the Plaintiff or pay her a settlement for the cost to

repair the dwelling that was damaged as a result of said fire.


60. Defendant TRAVELERS has breached said contract of insurance in that it has failed and

refused to compensate the Plaintiff fully for the loss of the personal property as a result of said

fire.


61. TRAVELERS has breached said contract of insurance in that it has failed and refused to

compensate the Plaintiff fully under the Loss of Use / Loss of rents.


62.   That as a result of said breach by TRAVELERS, Plaintiff has suffered damages in an

amount in excess of $75,000.00.

WHEREFORE, the PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter
Judgment in her favor and against the DEFENDANT, THE STANDARD FIRE INSURANCE
COMPANY AKA TRAVELERS INSURANCE COMPANY in excess of $75,000.00, plus costs
of this action.

13

## COUNT II

## VIOLATION OF ILLINOIS INSURANCE CODE: 215 ILCS 5/155
## DEFENDANT TRAVELERS

1-62. PLAINTIFF repeats and re-alleges Paragraphs 1 through 62 of Count I as though fully set forth as Paragraphs 1 through 62 of this Count II

63. At all times material hereto TRAVELERS, held itself out to the public as an insurance company that responds quickly and efficiently to its insured's and pays claims in a timely manner. TRAVELERS advertise and promote this concept through commercials to the general public and through representations made by its agents.

64. TRAVELERS, by and through its agents, adjusters, experts, and employees had a duty to efficiently answer all questions posed by PLAINTIFF.

65. TRAVELERS, by and through its agents, adjusters, experts, and employees had a duty to settle all claims of the PLAINTIFF according to the Laws of the state of Illinois and the terms of the policy.

66. Only after suit was filed, on or about 9-18-12, did TRAVELERS, disclose the actual payment made on the building portion of the loss.

67. TRAVELERS although requested, as of 10-27-12, has not given an accounting of settlement amounts for coverage paid under her fire claims and/or provided estimates of damages.

68. TRAVELERS advised the Illinois Department of Insurance that a formal denial letter was mailed to Nationwide Adjusting Company, Public Adjuster for PLAINTIFF on October 4, 2011. No formal denial letter was sent to the insured.

69. TRAVELERS based part of its denial of the claim on portions of the policy which impermissibly narrows the coverage provided in the Standard Policy by shortening the allowable vacancy or un-occupancy period to 30 days instead of 60 days as provided in The Standard Fire Policy.

70. This portion of the TRAVELERS policy was wrongfully used to deny and delay coverage to PLAINTIFF.

71. TRAVELERS advised its insured(s), during at least the year 2009, that the policy contained "30 day vacancy clause" exclusion.

72. TRAVELERS during, at least the year 2009, denied one or more fire claims based upon the exclusion clause of "30 days".

73. TRAVELERS during, at least the year 2009, denied one or more fire claims based upon the property being vacant for less than 60 days.

74. TRAVELERS as part of its investigation, employed adjusters and experts in order to determine and evaluate the claims and the cause of the PLAINTIFF'S fire.

75. TRAVELERS and its adjusters and as agents confirmed:

    a.   that the origin and cause of the fire was a result of human negligence;

    b.   that PLAINTIFF has cooperated at all times and fulfilled her obligations under the policy of insurance.

    c.   that PLAINTIFF in no way contributed to the cause of the fire

    d.   that PLAINTIFF paid all premiums for the policy

76.    Section 505/2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* (the "Act"), provides in pertinent part as follows:

> §2.  Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that other rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

77.    PLAINTIFF, as one who purchased insurance from TRAVELERS and contracted for a good faith settlement of claims, is a consumer as defined by the Act.

16

78.     TRAVELERS committed deceptive practices against PLAINTIFF in the course of issuing the policy, negotiating and adjusting PLAINTIFF'S claims of loss after her fire, in violation of the Act and in violation of general duties and contractual obligations the Plaintiff, specifically but not limited to, as follows:

a.      Denying coverage or attempting to deny coverage based on portions of the policy Defendant knew to be against Illinois law.

b.      Wrongfully adding to terms to the Exclusions for coverage for vacancy which did not appear in the policy knowing such was in violation of the law.

c.      Failing to promptly and thoroughly investigate PLAINTIFF'S claims of losses;

d.      Failing to utilize properly trained personnel for evaluation of PLAINTIFF'S losses;

e.      Failing to negotiate and settle PLAINTIFF'S claims in a prompt manner, and instead causing innumerable delays;

f.      Forcing PLAINTIFF to initiate legal action to recover under said policy;

g.      Forcing PLAINTIFF to sue to recover insurance claims for losses PLAINTIFF was clearly entitled to;

h.      Denying and delaying the claims process;

i.      Failing in general to promptly communicate with PLAINTIFF regarding he claims;

m.      Issuing a policy of insurance it knew to be in violation of the laws of the State of Illinois to gain profit.

n.      Issued a Policy of Insurance which contained a contractual condition and obligation on the insured to maintain their insured property so that it was not vacant or unoccupied for more than 30 days rather than more than 60 days.

n.    Otherwise caused unreasonable delays and failed to handle PLAINTIFF'S insurance claim in good faith.

79.    TRAVELERS made misrepresentations to PLAINTIFF in the course of negotiating and adjusting PLAINTIFF'S claims of loss after his fire, in violation of the Act, as follows:

a.    Misrepresenting Coverage's". failing to disclose overages.

b.    Misrepresenting calculations as to PLAINTIFF'S building losses, personal property and loss of rent, thereby deliberately undervaluing PLAINTIFF'S losses, when PLAINTIFF lacked the ability to comprehend and prepare proper damages.

c.    Misrepresenting and using portion of policy- to Exclude COVERAGE based on vacancy.

d.    Making payment directly to a Mortgagee without naming the insured-Plaintiff also.

80.    TRAVELERS intended that PLAINTIFF would rely on its deceptive and unfair practices and misrepresentations.

81.    PLAINTIFF in attempting to settle her claims was advised by TRAVELERS that coverage could be excluded under the vacancy clause when in fact TRAVELERS was aware that such a clause was against Illinois law, was not applicable given submission of documents by the PLAINTIFF and TRAVELERS' deceptive and unfair practices and misrepresentations occurred during trade or commerce.

82.    PLAINTIFF has suffered damages due to TRAVELERS' actions.

18

83.     PLAINTIFF is entitled to her actual economic damages suffered.

84.     TRAVELERS' deceptive practices and misrepresentations were made knowingly, fraudulently, and with a reckless disregard of PLAINTIFF'S rights under the insurance policy.

85.     The Defendant TRAVELERS has caused unreasonable denial and delays in the handling and settling of PLAINTIFF'S claims under its policy of insurance for the reasons, specifically but not limited to, set forth below.

a.      TRAVELERS failed to provide proper estimates of damages

b.      TRAVELERS failed to provide proof of payments

c.      TRAVELERS wrongfully made payment in violation of PLAINTIFFS rights.

d.      TRAVELERS withheld information from PLAINTIFF with intent to further withhold payments due to the PLAINTIFF.

e.      TRAVELERS acted pursuant to policy language with the knowledge that such violated Illinois Law.

f.      TRAVELERS failed to issues endorsements on to its insurance policy(ies), which it was under an obligation to do, when it discovered that its policy(ies) violated Illinois Law.

g.      TRAVELERS failed to account to its insured, PLAINTIFF, as to pending status of the claim and payments issued.

h.      TRAVELERS issued and tendered a policy of insurance monies which it knew to be in violation of Illinois Law.

i.      TRAVELERS failed to issue endorsement correcting its policy language which violated Illinois Law.

19

j.     TRAVELERS refused to investigate the claim in good faith, advised it would

reopen the file in good faith and did not, advised it would accept documents.

establishing compliance with policy conditions and thereafter disregarded such.

k.     TRAVELERS acted in bad faith.


86.   In addition to those allegations made above, TRAVELERS' improper actions also

include, but are not limited to the following:


(a)          failing to pay PLAINTIFF amounts due under the insurance policy
within 40 days of the loss, which constitutes an unreasonable delay in paying the claim as
a matter of law in violation of the regulations promulgated by the Illinois Director of
Insurance within Section 919.80(d)(7)(A) of the Illinois Administrative Code;

(b)          failing to advise PLAINTIFF in writing within 75 days from the
date the loss was reported of the reason for the delay in not resolving her claim, in
violation of the regulations promulgated by the Illinois Director of Insurance within
Section 919.80(d)(7)(B) of the Illinois Administrative Code;

(c)          failing to provide PLAINTIFF with  a reasonable written
explanation for the delay in resolving her claim, in violation of the regulations
promulgated by the Illinois Director of Insurance within Section 919 of the Illinois
Administrative Code;

(d)          not attempting in good faith to effectuate a prompt, fair, and
equitable settlement of PLAINTIFF'S claim, a claim in which liability was reasonably
clear, in violation of Section 154.6 of the Illinois Insurance Code and the regulations
promulgated by the Illinois Director of Insurance within Section 919.50 of the Illinois
Administrative Code;

(e)          without proper cause, wrongfully and knowingly refusing to
reimburse PLAINTIFF for all of her losses;

(f)          failing to acknowledge with reasonable promptness pertinent
communications   with respect to PLAINTIFF'S claim, in violation of the regulations
promulgated by the Illinois Director of Insurance within Section 919.40 of the Illinois
Administrative Code;

(g)　　　　forcing PLAINTIFF to retain legal counsel to investigate her claim and to file this lawsuit to recover all of the benefits that should have been immediately forthcoming under the insurance policy;

(h)　　　　refusing to pay for all of PLAINTIFF'S claim without conducting a full, fair and prompt investigation based on all available information, in violation of its internal claims polices, practices, and procedures and in violation of Section 154.6 of the Illinois Insurance Code;

(i)　　　　willfully refusing to undertake its coverage obligations to protect PLAINTIFF, instead undertaking a continuous effort to conceal material information from PLAINTIFF to procrastinate and delay at every turn, and acting to maximize its own financial interest at the expense and to the financial demise of PLAINTIFF;

87. PLAINTIFF has suffered damages as a direct result of TRAVELERS' unreasonable denials and delays and failures to negotiate in good faith, including but not limited to, attorney's fees, contractor fees, appraisal costs, loss of use of funds, and court costs.

88. As a result of TRAVELERS' violation of 215 ILCS 5/155, PLAINTIFF is entitled to the following damages:

a.　　Attorney's fees

b.　　All costs associated with this litigation;

c.　　Interest for the loss of use of funds

d.　　Prejudgment interest for TRAVELERS' vexatious and unreasonable failure to pay amounts due under the policy;

e.　　Damages pursuant to 215 ILCS 5/155, in an amount not to exceed any

one of the following amounts:

(i)     25% of the amount which the court or jury finds such party is entitled to recover against the company, exclusive of all costs;

(ii)    $60,000.00

(iii)   the excess of the amount which the court or jury finds such party is entitled to recover, exclusive of costs, over the amount, if any, which the company offered to pay in settlement of the claim prior to the action.

f.     Any other reasonable costs or other relief this Court deems just and equitable.


WHEREFORE, the PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter Judgment in her favor, and against the DEFENDANT, THE STANDARD FIRE INSURANCE COMPANY AKA TRAVELERS INSURANCE COMPANY, in an amount in excess of $100,00.00 for attorney's fees, costs and damages pursuant to 215 ILCS 5/155, and other relief this Court deems just and equitable.


## COUNT III

## NATURE OF THE CLASS ACTION

## AGAINST TRAVELERS AKA "THE STANDARD FIRE INSURANCE COMPANY (Not pleaded at this time)


PLAINTIFF in its prior proposed amended complaint alleged a class action.  PLAINTIFF'S

Second Amended Complaint, by Court order, was to be filed on or before 10-31-12.

PLAINTIFF prepared allegations and intended to file the allegations of this action - COUNT IV

by the dead line of 10-31-2012.  However, Defendants Attorney for TRAVELERS, on late 10-

30-12 provided additional documentation regarding matters on the subject of proceeding on a

Class Action. PLAINTIFF'S Attorney needs additional time to investigate these new matters to

22

allow the Attorneys to act with due diligence and comply with good faith pleading in researching this information provided on late 10-30-12. PLAINTIFF does not waive any rights to pursuing the Class Action and specifically reserves such and seeks additional time to file an Amended Class Action Count.

## COUNT IV

## NEGLIGENCE

## CO- DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC.

1-58. PLAINTIFF repeats and re-alleges Paragraphs 1 through 59 as though fully set forth as Paragraphs 1 through 55 of this Count IV.

59. At all times material herein Defendants, AHMSI, Citi Bank and Real Time Solutions owed a duty to the PLAINTIFF to act in good faith and account to her and communicate to her so as not to cause her financial hardship and advise her of monies received on the account.

60. Defendants, AHMSI and REAL TIME breached duties to the PLAINTIFF, specifically but not limited to;

      A. failed to account for the monies demanded or received

      B. failed to advise PLAINTIFF of the demand made to TRAVELERS

      C. failed to advise PLAINTIFF $89,235.39 had been received

      D. failed to inform and declare the note "paid in full"

      E. failed to convey clear title and deed for property

      F. wrongfully started and/or continued collection actions

      G. wrongfully reported PLAINTIFF as delinquent on the note mortgage.

I. acted in an otherwise negligent manner

J. continued to declare a deficiency on the note and mortgage.

K. failed to acknowledge and respond to "qualified written requests"

L. failed to comply with 12 USC 2605.

61. Defendants, CITI breached duties to the PLAINTIFF, specifically but not limited to;

A. failed to account for the monies demanded or received

B. failed to advise PLAINTIFF of the demand made to TRAVELERS

C. failed to advise PLAINTIFF $89,235.39 had been received

D. failed to acknowledge and respond to "qualified written requests"

E. failed to comply with 12 USC 2605.

62. As a result of the aforementioned breach PLAINTIFF suffered damages.

63. The aforementioned breaches were the proximate cause of damages suffered by the PLAINTIFF.

WHEREFORE, PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter Judgment in her favor, and against the DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC. in an amount in excess of $100,000.00, attorney's fees and costs, and for such other relief as this Court deems just and equitable

**COUNT V**
**RESPA VIOLATIONS**

**DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING INC, REAL TIME RESOLUTIONS INC.**

1-63    PLAINTIFF repeats and re-alleges Paragraphs 1 through 63 of Count IV as though fully set forth as Paragraphs 1 through 63 of this Count V.

24

64.  DEFENDANTS have failed to comply with Sections of RESPA, specifically but not limited

to 2605, making each of them liable for all damages caused to PLAINTIFF.


WHEREFORE, PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter Judgment in her favor, and against the CO- DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC. in an amount in excess of $100,000.00, attorney's fees and costs, and for such other relief as this Court deems just and equitable

## COUNT VI
## <u>BREACH OF CONTRACT</u>

### DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC.

1-64.   That the PLAINTIFF repeats and re-alleges Paragraphs 1 through 64 of Count V as though fully set forth as Paragraphs 1 through 63 of this Count VI.


65. At times material hereto Defendants, CITI, AHMSI and REAL TIME were in privity

of contract with the PLAINTIFF.


66. Defendants, CITI, AHMSI and REAL TIME are in breach of contract with the

PLAINTIFF.


67. As a result of the breach of contract by Defendants, PLAINTIFF has been caused to

duffer damages.

WHEREFORE, PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter Judgment in her favor, and against the DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC. in an amount in excess of $100,000.00, attorney's fees and costs, and for such other relief as this Court deems just and equitable

## COUNT VII
## CONVERSION

### DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC.

1-67.   That the PLAINTIFF repeats and re-alleges Paragraphs 1 through 67 of Count VI as though fully set forth as Paragraphs 1 through 67 of this Count VII.

68. Defendants, CITI, AHMSI and REAL TIME wrongfully assumed control of PLAINTIFF'S insurance settlement.

69. The insurance settlement and monies derived therefrom rightfully belong to the PLAINTIFF.

70. PLAINTIFF has claimed exclusive rights to the insurance monies.

71. PLAINTIFF has made demand prior to this lawsuit and by this lawsuit that Defendants CITI, AHMSI and REAL TIME disclose who is in possession of the insurance monies.

72. PLAINTIFF has a right to immediate control and possession of the insurance settlement, monies paid to date as well as any future payments.

73. Defendant, CITI, AHMSI and REAL TIME although demand has been served upon them by PLAINTIFF, disclose and refuse to release said monies.

74. PLAINTIFF sustained damages and continues to sustain damages as a result of the Defendants, CITI, AHMSI and REAL TIME actions and in-actions.

WHEREFORE, PLAINTIFF, DESIREE RIDEAUX, prays that the Court enter Judgment in her favor, and against the DEFENDANTS, CITI RESIDENTIAL LENDING, INC., AMERICAN HOME MORTGAGE SERVICING, REAL TIME RESOLUTIONS INC. in an amount in excess of $100,000.00, attorney's fees and costs, and for such other relief as this Court deems just and equitable

By: __/s/ Jason Harris _____
One of PLAINTIFF'S Attorneys

Law Offices of Jason Harris
7161 N. Cicero Ave Suite 219
Lincolnwood, Illinois 60712
847-525-5555 Phone
847-329-8448 fax
ATT# 30587