IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DESIREE RIDEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 2592 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| TRAVELERS INSURANCE COMPANY | ) | |
| AKA "THE STANDARD FIRE INSURANCE | ) | |
| COMPANY", AMERICAN HOME | ) | |
| MORTGAGE SERVICING, and REAL | ) | |
| TIME RESOLUTIONS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Desiree Rideaux filed a seven-count third amended complaint against defendants Travelers Insurance Company ("Travelers"), Homeward Residential, Inc. (F/K/A American Home Mortgage Servicing, Inc.) ("Homeward"), Citi Residential Lending, Inc. ("Citi"), and Real Time Resolutions, Inc. ("Real Time"). Counts IV through VII are asserted collectively against Homeward and Real Time ("defendant servicers").[1] Count IV alleges negligence; Count VI alleges violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et. seq. (RESPA); Count V alleges breach of contract; and Count VII alleges conversion. Defendants Homeward and Real Time have each filed motions to dismiss the four counts against them for failure to state a claim pursuant to Rule 12(b)(6). Defendant Travelers has filed a motion to strike various paragraphs of the third amended complaint.

In response to these motions, without seeking leave, plaintiff proposed a fourth amended complaint that she asserts cures the deficiencies cited by all defendants. Plaintiff neglects to

---

[1]On December 5, 2012, plaintiff moved to voluntarily dismiss defendant Citi Residential Lending from the action.

respond to any of the arguments raised in the briefs submitted by Homeward and Real Time. Instead, plaintiff has abandoned her claims for breach of contract and conversion against Homeward and Real Time, and maintained the counts for violations of RESPA and negligence. Plaintiff has also added new claims alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681s-2(a)(1)(A). Travelers does not object to the amendment of the complaint, which contains none of the paragraphs Travelers sought to strike.

This is not the first time plaintiff has amended her complaint. Plaintiff's initial complaint was removed to federal court in April 2012. In response to the complaint, all defendants filed separate motions to dismiss. The court granted defendants' motions to dismiss (Docs. 12, 19, 23, and 28) on July 26, 2012, but gave plaintiff leave to file an amended complaint. Plaintiff filed her second amended complaint on October 31, 2012.[2] On November 6, 2012, plaintiff sought leave to file a third amended complaint because she inadvertently included a count of consumer fraud against Travelers in the second amended complaint. The court granted plaintiff's motion, and Homeward and Real Time promptly filed the pending motions to dismiss this third amended complaint.

Federal Rule of Civil Procedure 15(a) states that, except when leave is granted as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The Rule further states that the court should grant the party leave "when justice so requires." The court is not required to grant leave to amend a pleading when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

---

[2]Plaintiff moved for reconsideration of the court's July 26, 2012 order and provided a proposed amended complaint. The court denied the motion for reconsideration (Doc. 53) and rejected the proposed first amended complaint.

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment." Liu v. T & H Machine, 191 F.3d 790, 794 (7th Cir. 1999) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Both Homeward and Real Time object to plaintiff's proposed fourth amended complaint (PFAC), arguing that the proposed amendments would be futile. An amendment would be futile if the proposed amended complaint would not survive a motion to dismiss. Brunt v. Service Employees Intern. Union, 284 F.3d 715, 721 (7th Cir. 2002)

Because plaintiff did not properly petition the court for leave to amend her complaint and failed to reply to any of the arguments in Homeward or Real Time's motions to dismiss, the court is left to determine whether the PFAC states a claim without the benefit of a brief from plaintiff.

Plaintiff failed to respond to defendants' arguments regarding the conversion and breach of contract counts and failed to assert those claims in her PFAC. As a result, the court finds that plaintiff has waived those claims, Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010), and dismisses them.

The remaining counts against Homeward and Real Time are the RESPA claim and negligence claims detailed in the third amended complaint, as well as alleged violations of the FCRA. The court will discuss each count to determine whether plaintiff's PFAC is futile.

## DISCUSSION

**I.     Legal Standard**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, the court thus accepts the complaint's well-pleaded factual allegations as true and draws

all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). To provide the defendant with "fair notice of what the claim is and the grounds upon which it rests," id. at 555, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). In addition, its allegations must plausibly suggest that the plaintiff has a right to relief and raise that possibility above the "speculative level." Twombly, 550 U.S. at 555, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (explaining that Twombly's pleading principles apply in all civil actions).

## II. RESPA Violation

In Count II of the PFAC, plaintiff alleges that defendants Homeward and Real Time violated RESPA by failing to respond to her inquiries regarding her mortgage. She alleges that she sent a qualified written request to Real Time in late September 2010 or early October 2010 asking what was done with the check sent by Travelers to the mortgage servicer in the amount of $89,235.39. Plaintiff also alleges that Real Time acknowledged her inquiry in a letter in December 2010 which referenced her loan number and explained that Real Time needed 60 days to respond. Plaintiff alleges that she has received no reply regarding her inquiry from defendant servicers.

"RESPA is a consumer protection statute that regulates the real estate settlement process, including servicing of loans and assignment of those loans." Catalan v. GMAC Mortg. Corp., 629 F.3d 675, 680 (7th Cir. 2011). Section 2605(e) of RESPA states that "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall

4

provide a written response acknowledging receipt of the correspondence within 5 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period." In response to the inquiry, the servicer is required either to make appropriate corrections to the borrower's account, or provide a written explanation to the borrower of why the servicer either does not believe an error was made or why the information requested cannot be provided. 12 U.S.C. 2605(e)(2). In the alternative, the servicer is required to provide contact information for an individual employed by the servicer who can assist the borrower. A qualified written request is defined as "a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that-- (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. 2605(e)(1)(B). The Seventh Circuit has stated that a borrower should, if he is able, provide details regarding his belief that there is an error, but that "any request for information made with sufficient detail is enough under RESPA to be a qualified written request and thus to trigger the servicer's obligations to respond." Catalan, 629 F.3d at 687.

  Homeward argues that the PFAC fails to state a claim for violation of this inquiry provision because plaintiff does not allege that she sent any qualified written request to Homeward. Plaintiff's PFAC alleges that plaintiff sent an inquiry to Real Time in either late September 2010 or early October 2010, but makes no mention of any request sent directly to Homeward. Homeward also argues that plaintiff has not alleged that Homeward received that

5

written request from either plaintiff or Real Time. Plaintiff does allege that Homeward was responsible for responding to plaintiff's inquiry once the mortgage was assigned from Real Time to Homeward, but does not allege that Real Time advised Homeward of the inquiry or that she notified Homeward of her previous request. Homeward correctly points out that plaintiff has not alleged these essential elements of a claim for violation of RESPA. As a result, the court finds that allowing the amendment of Count Two against Homeward as proposed in the PFAC would be futile.

Defendant Real Time argues that plaintiff has failed to allege that a proper qualified written request was sent because the PFAC does not allege that she submitted a writing that included an account number. Real Time also argues that the one year statute of limitations has run on plaintiff's claim for misappropriation because plaintiff filed her complaint four years after the alleged violation. In the alternative, Real Time argues that plaintiff's claim for negligence should be dismissed because it responded properly to any alleged qualified written request by placing the account on hold after plaintiff notified Real Time of insurance proceeds.

Real Time's first argument regarding the alleged RESPA violation fails because plaintiff explicitly alleges that she made a written inquiry and that the inquiry contained her mortgage number. Plaintiff further alleges that she received a letter response from Real Time acknowledging the inquiry and has attached that letter to the PFAC.

Real Time's argument regarding the statute of limitations fails as well. Plaintiff has alleged a violation of 12 U.S.C. § 2605. Under 12 U.S.C.A. § 2614, a plaintiff may bring an action "within 3 years in the case of a violation of section 2605." Plaintiff's alleged inquiry was

in September or October 2010, and the statute provides Real Time with 60 days from the receipt of that inquiry to respond. Plaintiff's complaint is therefore well within the statute of limitations.

Real Time's claim that it complied with RESPA does not support the argument that amendment is futile. Plaintiff alleges that Real Time violated the statute because it did not take one of the necessary actions under Section 2605(e): Real Time did not make appropriate corrections and provide notice to plaintiff; Real Time did not provide a written explanation or clarification to plaintiff; and Real Time did not refrain from providing information about an owed payment to consumer reporting agencies. Real Time's assertion that it placed the account on hold does not contradict plaintiff's allegations, nor does it point out any deficiencies in plaintiff's complaint. Plaintiff has properly pled a RESPA violation against Real Time. Because Real Time has not identified any deficiency in Count II, the court finds that allowing the amendment of Count II against Real Time as proposed in the PFAC would not be futile.

### III. Counts IV and V: Negligent Misrepresentation and Negligent Omission

Plaintiff alleges two counts of negligence against the defendant servicers in the PFAC. In Count IV, plaintiff alleges that Homeward and Real Time have a duty to their borrowers to convey accurate information to credit reporting agencies. Plaintiff further alleges that the servicers breached this duty by negligently reporting that plaintiff was delinquent in paying her mortgage when her mortgage balance was paid. In Count V, plaintiff alleges that defendant servicers also owe a duty to borrowers to correct, modify or delete inaccurate information that they have conveyed to credit reporting agencies. Plaintiff alleges that, despite her requests, the defendant servicers have both failed to modify, correct or delete the information reported to the

7

credit agencies even though they know or should know that the mortgage has been paid, and thus have breached their duty to plaintiff.

Under Illinois law, to state a claim for negligent misrepresentation, a plaintiff must allege "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." First Midwest Bank, N.A. v. Stewart Title Guar. Co., 218 Ill. 2d 326, 334-35, 843 N.E.2d 327, 332 (2006).

Both servicers argue that plaintiff has failed to allege the existence of a duty on servicers' part. The servicers also argue that plaintiff's claims are barred by the economic loss doctrine, which bars tort recovery for purely economic losses. See Moorman Manufacturing Co. v. National Tank Co., 91 Ill.2d 69, 89, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982).

In Moorman, the Supreme Court of Illinois held that purely economic losses are generally not recoverable in tort, and that "contract law, which protects expectation interests, provides the proper standard when a qualitative defect is involved." Moorman, 91 Ill.2d at 81, 61 Ill.Dec. 746, 435 N.E.2d 443. A party therefore "cannot recover for solely economic loss under the tort theories of strict liability, negligence and innocent misrepresentation." Id. at 91. Illinois courts, however, have recognized limited exceptions to the Moorman Doctrine: "(1) where the plaintiff sustained damage, i.e., personal injury or property damage, resulting from a sudden or dangerous occurrence; (2) where the plaintiff's damages are proximately caused by a defendant's intentional, false representation, i.e., fraud; and (3) where the plaintiff's damages are proximately

caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." First Midwest, 218 Ill. 2d at 335, 843 N.E.2d 327, 332 (internal citations omitted). The exceptions are grounded in an extra-contractual duty between the parties that gives rise to a tort cause of action separate from a breach of contract action.

Plaintiff fails to identify an extra-contractual duty separate from the mortgage contract or note that would support her negligence claims. See Judd v. First Federal Sav. & Loan Ass'n of Indianapolis, 710 F.2d 1237, 1241–42 (7th Cir.1983) (holding under Indiana law that mortgage contract did not transform a traditional debtor-creditor relationship into a fiduciary relationship); Ploog v. HomeSide Lending. Inc., 209 F.Supp.2d 863, 874–75 (N.D. Ill. 2002) (denying lender's motion to dismiss borrower's negligence claim because lender's duty to manage escrow funds properly could give rise to fiduciary relationship between lender and borrower); Choi v. Chase Manhattan Mortgage Co., 63 F.Supp.2d 874, 885 (N.D. Ill. 1999) (same). Because plaintiff cannot point to any extra-contractual duty, her negligence claims are barred by the economic loss rule.

## IV. Count III: Violation of the FCRA

In the PFAC, plaintiff adds a count against Homeward and Real Time for violations of the FCRA, specifically sections 1681s-2(a)(1)(A) and 1681s-2(b)(1)(E). Section 1681s-2(a)(1)(A) states that "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." Section 1681s-2(b)(1)(E) states that when "an item of information [is] disputed by a consumer," the furnisher of information must modify, delete or block the

disputed information if it "is found to be inaccurate or incomplete or cannot be verified after any reinvestigation." Plaintiff alleges that Homeward and Real Time reported plaintiff's account as delinquent to consumer reporting agencies, even though they knew or should have known that the account was not delinquent. Plaintiff further alleges that Homeward and Real Time wilfully and negligently did not modify, correct, or delete their report of inaccurate information.

Real Time does not address the additional FCRA count in its reply. Homeward argues that both alleged violations of the FCRA fail to state a claim. First, Homeward argues that there is no private right of action to enforce the duties under § 1681s–2(a) because Section 1681s–2(d) specifically exempts violations of § 1681s–2(a) from private civil liability. See Lang v. TCF Nat'l Bank, 338 Fed. Appx. 541, 544 (7th Cir. 2009) ("[O]nly the Federal Trade Commission can initiate a suit under that section.").

Second, Homeward states that under § 1681s-2(b) furnishers of information are conferred duties once they receive notice of a dispute from a consumer reporting agency. Pichugin v. Experian Info. Solutions, Inc., 11 CV 04375, 2012 WL 527529 (N.D. Ill. Feb. 15, 2012) ("A duty to investigate and report inaccuracies is imposed on the furnishers of information when the inaccuracy is provided by a consumer reporting agency, and not by the consumer.") (citing Gulley v. Pierce & Associates, P.C., 436 Fed. Appx. 662, 665 (7th Cir. 2011). A credit reporting agency must provide a formal written notice to the furnisher to trigger these duties. Gulley, 436 Fed. Appx. at 665. In the instant case, plaintiff has not alleged that a consumer reporting agency formally notified either servicer of a dispute. Neither servicer therefore has a duty to reasonably investigate the discrepancy.

Because a consumer may not bring suit for a violation of § 1681s–2(a), and plaintiff has not properly pled a violation of § 1681s-2(b), the court finds that plaintiff's FCRA count fails to state a claim. Amendment of plaintiff's complaint to include an FCRA count as proposed in the PFAC would therefore be futile.

## CONCLUSION

Because Travelers does not object to the proposed fourth amended complaint, the court will allow plaintiff to amend her complaint as to defendant Travelers.

The court finds that amendment of the complaint would not be entirely futile against defendant Real Time because plaintiff has sufficiently pled a violation of RESPA. The court therefore will allow plaintiff to proceed with Count II against Real Time.

The court finds that amendment of the complaint against Homeward would be futile because the proposed fourth amended complaint does not cure the deficiencies of the third amended complaint and fails to sufficiently plead new causes of action. The court therefore dismisses all claims against Homeward.

Plaintiff is directed to file a fifth amended complaint consistent with this order on or before July 8, 2013. The remaining defendants are directed to answer the fifth amended complaint on or before July 29, 2013. The parties are directed to file a joint status report using this court's form on or before July 31, 2013. Status is set for August 8, 2013, at 9:00 a.m.

**ENTER:** July 1, 2013

_____
**Robert W. Gettleman**

**United States District Judge**